EMIL GROTH, CONTESTANT, v. RICHARD SCHLEMM, INCUMBENT.

65 431
f65 438

Submitted July 6, 1900—Decided November 12, 1900.

1. In a proceeding to contest an election under the one hundred and sixty-third section of the "Act to regulate elections" (*Rev.* 1898), where the petition is filed under the seventh subdivision of that section, the facts and circumstances set out must be of such a

character upon the face of the petition as to reasonably establish that some other person than the incumbent was legally elected to the office which the incumbent holds.

2. Suspicious circumstances are not sufficient. Mere suspicions do not establish the legality of the election of the petitioner or the defeat of the incumbent.

3. In view of the recount in this case and all the circumstances that are set out in the petition, and the fact that the petition itself does not clearly state facts from which the court, upon an inspection thereof, can say that if the facts stated are true, that the petitioner was elected and the incumbent was not, the petition is not such a compliance with the statute as will authorize the setting in motion the machinery for a contest.

Certified case. Question of the sufficiency of the petition to contest an election under the one hundred and sixty-third section of the act respecting elections. *Rev.* 1898.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the contestant, *Frederick Frambach* and *Flavel McGee.*

For the incumbent, *Robert S. Hudspeth.*

The opinion of the court was delivered by

FORT, J.   This matter comes before the court on a case certified by the judge of the Circuit Court of Hudson and the question certified to this court for its advisory opinion is "whether the contestant's petition should be dismissed on the ground that it does not state a case within the statute."

The petition is filed to contest an election for councilman-at-large in the Town of Union, held on the 10th day of April, 1900, and the law under which this petition is filed is section 163 of an "Act to regulate elections." *Pamph L.* 1898 (*Rev.*), *p.* 312.   The statute authorizes a contest upon any one of seven grounds.   The petition in this case is not within either of the first six grounds and it is sought to be sustained under the seventh subdivision of the one hundred and sixty-third section, which authorizes a contest under the statute, "for any other cause which shows that another person was legally elected."   This is a general statement and a petition may be

filed under it, which shows that any other person than the incumbent was legally elected to the office which the incumbent holds. The petition in the case now before the court recites that the contestant, Emil Groth, was a candidate for the office of councilman-at-large at the town election in the Town of Union, on the 10th day of April, 1900, and that there were a number of other candidates for the same office at the same election. The total number of ballots cast at the election was two thousand and ninety-two, and that on the night of election one thousand and sixteen votes were returned by the election officers for said Groth and nine hundred and sixty-five for the said Schlemm, and a lesser number of ballots for others. The result showed a plurality of fifty-one votes for Groth, over Schlemm, and the petition further states that the canvassing board of the town met the following day pursuant to statute and canvassed the votes of the various precincts of the town and announced the fact in accordance with the foregoing statement and declared the said Groth elected to the office of councilman-at-large by a plurality of fifty-one votes; that on the night of election, after the votes were counted, the tickets (to use the language of the petition, I presume they mean the ballot-boxes) were brought to the town hall and delivered to the town clerk and remained in his office until a recount was subsequently had. It is stated in the petition that the town hall is a large building in which the various town offices are, including the police department, and which building is open all night; that the office of the clerk of the town is on the first floor above the basement and is protected only by an ordinary spring lock, to which only one other person than the town clerk has a key; that there is a vault in the town clerk's office, but that the ballot-boxes were left upon the floor of the office without being put in the vault until they were finally taken to the county clerk's office on the 25th day of April following the election. The petition also recites that subsequently to the election, the Hon. Job H. Lippincott, a justice of the Supreme Court, on the 18th day of April, granted to Richard Schlemm, on his petition, a

recount of the votes cast for councilman-at-large, and that on Wednesday, the 25th day of April, the county board of elections of Hudson county made a recount under said order; that the result of the recount was that Groth was found to have only nine hundred and twenty-eight votes and Schlemm nine hundred and fifty-five votes, an apparent plurality for said Schlemm of twenty-seven votes; and that the said Supreme Court justice, in accordance with the statute, issued a certificate of election to said office of councilman-at-large to Richard Schlemm, and that said Richard Schlemm was sworn into and entered upon the duties of said office under the said certificate and is now the incumbent thereof.

The petition recites as a ground of contest and to establish the fact that another person than the said Schlemm was legally elected to the office in question, that the ballot-boxes were left unprotected in the manner above recited, in the office of the clerk of the Town of Union, with access to the room where the boxes were as stated; that at the time of the recount, on the 25th of April following the election, when the ballot-boxes were produced before the county board of election, the seals upon all the boxes, save one, had been broken; that tallies had been kept by a number of persons on the night of the election, besides the election precinct officers, whose tallies had agreed with the election precinct officers in their return to the contestant, of one thousand and sixteen votes for said office; that in the second precinct of the third ward, the number on the dial, at the time the ballot-box was sealed on the night of election, was three hundred and eighty-nine, whereas when it came to be opened for the purpose of recounting, the number was found to be four hundred and ninety-one, and it is alleged that a change had been made since the time of the original sealing of the box on the night of the election, although there is no allegation in the petition that there was any more than three hundred and eighty-nine ballots in the box, either on the night of the election or at the time of the recount, nor is there any allegation that the ballots, at the recount, had any other numbering than the number which would have been indicated, up to

three hundred and eighty-nine, on the ballots cast on election day. The ballots rejected by the county board of elections appear to have been of equal number—thirty-seven ballots being rejected as having been improperly cast for each candidate—and the petition recites that the justice of the Supreme Court passed upon twenty ballots which were cast for Groth, and which the board of county canvassers certified to him, and rejected ten and allowed ten, making a net loss to Groth of ten votes. The petition claims that allowing this loss of ten votes and an even rejection of ballots by the board of county canvassers, the result would have been that on the night of election the contestant had forty-one plurality over Schlemm.

A number of suspicious circumstances are set out in the petition, such as that one of the envelopes on the recount, which had been marked "rejected," by the election precinct board, because it contained a democratic ballot and a republican ballot, was found by the county election board to contain but a single democratic ballot with Schlemm's name on it; that another ballot envelope marked "rejected" by the local board because it contained a marked ballot which had the name of John Conway pasted upon it over the office of councilman-at-large, was found by the county board of elections to contain but a single clean democratic ballot with Schlemm's name on it. Another series of envelopes was found to contain ballots with one needle hole therein and two needle holes in the envelope, within which such ballots were, and that other envelopes and ballots were found with two holes in them at the recount, when it is alleged there was but one made by the local canvassers. There are a few other suggestions of suspicious circumstances, but no facts other than those stated.

The first proposition to be considered in answering the Circuit Court's question, is what must be set up in the petition in order to justify a contested election, under the seventh subdivision of section 163, above quoted. It seems clear that an inference will not justify a contest under this section. The present Election law provides for two methods of settling controversies arising at an election. One, by the simple and

expeditious method of a recount, provided for by the one hundred and fifty-ninth section of the act, and the other, by a contest, which is a more intricate and difficult method. The first six grounds of contest are largely based on misconduct, fraud or corruption on the part of the election board or board of county canvassers, or the non-eligibility to the office of the incumbent, or that the incumbent has been convicted before such election of some crime which renders him incompetent to exercise the right of suffrage and has not been pardoned, or that the incumbent has given or offered to give a member of the election board a bribe or reward for procuring his election, or that illegal votes have been received or legal votes rejected at the polls sufficient to change the result, or that an error has been made by the board of canvassers in counting the vote and declaring the result, which error would change the result. These subdivisions which I have briefly summarized are not difficult of a statement, if in any case the ground of contest is based upon any one of them. The last clause now under consideration and under which the petition certified is filed is more general and seems to require, to give the petition sufficient force to start the machinery of a contest under the section, that it shall contain such facts as will show that another person was elected to the office which the incumbent holds.

I am unable to see in this petition any facts from which, even inferentially, the court could say that Groth, in the face of the recount, had been elected to the office in question. It is true that a number of suspicious things are set up and recited in the petition, but mere suspicions do not establish the legality of the election of the petitioner or the defeat of the incumbent. It would also seem in this case, as if it were quite clear, that if the facts appeared as the petition sets forth that they did, at the time of the recount, viz., that the seals of the ballot-boxes had been broken and that the boxes had been unprotected in the office of the town clerk, and that one of the boxes had a larger number on its register than it had on the night of election, that these facts should have been brought to the attention of the justice of the

Supreme Court at the time he was asked to give his certificate on the recount and thereon to have insisted that the recount was of no force because of the tampering with the ballot-boxes, and that therefore the original certificate should be allowed to stand.

If this question had been raised before the justice on the recount, it is probable, in view of the decision of this court in the case of *Conger* v. *Convery,* 23 *Vroom* 417, 411, that he would have refused to give force to the recount, because of what appeared to be the fraudulent destruction of the evidence existing on the night of election. At least, he would have inquired into it to ascertain whether the ballots, as they were recounted, were of any evidential force whatever to determine the rights of the parties. But in view of the recount and all the circumstances that are set out in the petition, and the fact that the petition itself does not clearly state facts from which the court upon an inspection of it can say that if the facts stated are true, that the petitioner was elected and the incumbent was not, that the petition is not such a compliance with the statute as would authorize the setting of the machinery for a contest in motion.

The result necessitates the advising of the Circuit Court that the petition filed in this case should be dismissed on the ground that it does not state a case within the statute.